**STATE of Missouri, Respondent,**

v.

**James GRUBBS, Appellant.**

**No. 46486.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 30, 1983.

Henry Thomas, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant appeals his jury conviction of the Class D felony of attempting to steal over $150 by deceit, a violation of § 564.011, RSMo.1978. The court sentenced him as a prior offender to a term of five years' imprisonment, with execution of sentence suspended and the defendant placed on probation for one year. We affirm.

This case arises from defendant's insurance claim for the alleged theft loss of his boat. At trial, the evidence revealed that defendant telephoned his friend, Lane Fahland, one Saturday evening in August of 1981 and asked if Fahland would permit him to park his Terry bass fishing boat with an outboard engine and boat trailer in the driveway of Fahland's residence in South St. Louis County. Defendant explained that he was moving his business and needed a temporary place to store the boat. Fahland gave his permission and shortly thereafter left town until Monday of the following week. The boat was not at his residence when Fahland returned. Later that week the defendant telephoned Fahland and inquired about the boat. Defendant indicated that he had placed it on Fahland's premises and acted surprised at its absence. After going to the Fahland residence and showing Fahland exactly where he had

parked the boat, the defendant told Fahland that the boat must have been stolen.

However, the defendant failed to report the loss of his boat until September 22, 1981. Officer Thomas Larkin testified that on that date he received a call to go to the Fahland home. There, the officer met the defendant, who reported to the officer that his boat, trailer, and other equipment, which he placed on the premises, had been stolen. The officer testified that the defendant told him that the boat, valued at $18,000 had been taken from the location sometime between September 1 and September 22. The serial number of the boat was DEML4975M79B.

Special FBI Agent Roy Christopher testified that on August 14, 1981, he purchased a boat with the serial number DEML4975M79B. At this time, Christopher and another FBI agent were working on an undercover "sting operation" dealing in stolen goods. The defendant was present at the scene where this transaction took place and while the purchase price was negotiated. At trial, Agent Christopher presented a tape recording of this event. On the recording, the defendant discussed various features of the boat, including how the keys worked, the location of the batteries, and the name on the side of the boat. The agent further testified that the defendant indicated he would not report the boat as stolen until he received a call indicating that the boat had been sufficiently altered to make it unidentifiable. The specific statement which the agent interpreted in this matter was "I won't turn it in until a, until I hear from. . . ." In order to contact the defendant, the agent was given the defendant's beeper phone number.

An attorney for the Maryland Casualty Company also testified that on November 20, 1981, defendant and his attorney appeared in his office to discuss defendant's claim for loss of his boat, trailer and motor. In his proof of claim dated November 14, 1981, defendant claimed a loss of $16,500 for his boat which was insured by Maryland Casualty Company under policy number PM 22332038. Policy number PM 22332038 provides coverage on defendant's Terry bass boat, serial number DEML4975M79B—the identical serial number to that of the boat purchased by FBI agents for $1,500 on August 14, 1981.

Defendant's sole point on appeal is that the state presented insufficient evidence to sustain his conviction. He would have this court believe that the state's evidence falls short in proof as to defendant's knowledge that the boat, trailer and motor were not stolen when he submitted his claim to the insurance company. We find no merit to his contention.

The standard is well settled where, as here, the state's case is based on circumstantial evidence.

> [T]he circumstances and the facts must be consistent with each other and with the hypothesis of guilt, be inconsistent with the hypothesis of innocence, and point so clearly to guilt as to exclude every reasonable hypothesis of innocence. Circumstances need not be absolutely conclusive of guilt and need not demonstrate the impossibility of innocence. Furthermore, all evidence on the whole record tending to support the guilty verdict must be taken as true, contrary evidence disregarded, and every reasonable inference tending to support the verdict indulged.

*State v. Moss,* 622 S.W.2d 292, 295–96 (Mo. App.1981).

Applying these principles, we find that the state made a submissible case against defendant. There was sufficient evidence from which the jury could infer that defendant knew at the time he filed his claim that his boat had not been stolen. He was present on August 14, 1981, when the sale of the boat was discussed, and at that time demonstrated use of the boat. He made a statement which was interpreted by the FBI agent as indicating that he was going to put in an insurance loss claim for this boat. The last of August or first of September he claimed to his friend that it had been stolen (although no boat was actually seen by the friend); however, he made no

report to police until the 22nd of September.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.